The Disciplinary Review Board having filed with the Court its decision in DRB 18-097, concluding that as a matter of reciprocal discipline pursuant to Rule 1:20-14(a), Kirsten Elizabeth Franklin of Hamilton , who was admitted to the bar of this State in **454 2006, should be suspended from the practice of law for a period of three years based on her discipline in Florida for unethical conduct that in New Jersey constitutes violations of RPC 1.3 (lack of diligence); RPC 1.4(b) (failure to *412 communicate with clients); RPC 1.16(d) (failing to protect a client's interests upon termination of the representation, including refunding any unearned fees); RPC 5.4(a) (sharing legal fees with a nonlawyer); RPC 5.4(c) (permitting a person who employs or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services); RPC 5.4(d)(3) (practicing law in the form of a professional corporation where a nonlawyer has the right to direct or control the professional judgment of a lawyer) and RPC 8.4(a) (violating or attempting to violate the RPC)s;
And the Disciplinary Review Board having further determined that the term of suspension should be retroactive to January 7, 2010, the date of respondent's suspension from practice in Florida, and good cause appearing;
It is ORDERED that Kirsten Elizabeth Franklin is suspended from the practice of law for a period of three years, retroactive to January 7, 2010 and until the further Order of the Court; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further **455 ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.